UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FATE RESTAURANTS, LLC, | ) | Case No. 18-19570 TBM |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

NOTICE OF STATUTORY TAX LIENS OF
COLORADO DEPARTMENT OF REVENUE

The Colorado Department of Revenue ("CDOR"), through the Colorado Attorney General, hereby gives notice that there are unpaid Colorado tax trust funds owed by the above-named debtor (the "Debtor"), and that the State of Colorado has statutory "first and prior" liens securing the payment of such trust funds. The Debtor also holds a brew pub license and owes alcohol beverage excise tax, which although not a trust fund tax is secured by a statutory first and prior lien. CDOR advises the Debtor of the following:

**Amount of claim.** CDOR separately will file a proof of claim setting forth the amount of tax, interest, and penalties owed by the Debtor and the tax periods under which such taxes arose.

**Use of trust funds during bankruptcy case.** Sales tax collected by retailers and Colorado income tax withheld from employees are property of the State of Colorado held in trust by the retailer and/or employer. Such funds are not property of the bankruptcy estate. See *Begier v. I.R.S.*, 496 U.S. 53 (1996). Such funds, now and hereafter, should be segregated from other estate funds and timely remitted to CDOR. CDOR does not consent to the use of its trust funds, as cash collateral or otherwise.

**Statutory liens to secure payment of sales tax, wage withholding, and alcohol beverage excise tax.** CDOR has statutory liens to secure the payment of sales tax, wage withholding, and alcohol beverage excise tax. *Sales tax.* Section 39-26-117(1)(a), Colorado Revised Statutes ("C.R.S."), provides that sales tax "shall be a first and prior lien upon the goods and business fixtures of or used by any retailer or qualified purchaser under lease, title retaining contract, or other contract arrangement, excepting stock of goods sold or for sale in the ordinary course of business, and shall take precedence on all such property over other liens or claims of whatsoever kind or nature." The lien applies to tax and interest but not to penalties. *Wage withholding.* Section 39-22-604(7)(a), C.R.S., provides that CDOR "shall have

a lien to secure the payment of any amounts withheld and not remitted as provided in this section upon all of the assets of the employer and all property, including stock in trade, business fixtures, and equipment, owned or used by the employer in the conduct of his business, so long as any delinquency continues, which lien shall be prior to any lien of any kind whatsoever, including existing liens for taxes." The lien applies to tax and interest but not to penalties. *Alcohol beverage excise tax.* Section 44-3-504(1)(a), C.R.S., provides that "the state of Colorado and the department [of revenue] shall have a lien to secure the payment of the taxes, penalties, and interest imposed pursuant to section 44-3-503 [alcohol beverage excise tax] upon all the assets and property of the wholesaler or manufacturer[1] owing the tax, including the stock in trade, business fixtures, and equipment owned or used by the wholesaler or manufacturer in the conduct of business, as long as a delinquency in the payment of the tax continues. The lien shall be prior to any lien of any kind whatsoever, including existing liens for taxes."

**Priority over other liens.** The liens for sales tax, wage withholding, and alcohol beverage excise tax arise automatically by operation of statute, without any requirement that CDOR perfect its liens through any recorded instrument. The liens are senior to consensual liens and other liens arising under state law, regardless of the date on which such liens are perfected or recorded, and survive sale or other disposition by a secured creditor. See *ITT Diversified Credit Corp. v. Couch*, 669 P.2d 1355 (Colo. 1983). Depending on when CDOR's liens became choate, they may or may not be senior to federal tax liens, if any.

**Sale of property subject to CDOR's statutory tax liens.** If property subject to CDOR's liens is sold or liquidated during this bankruptcy case, CDOR will consider consenting to such sale or liquidation provided that liens on such property attach to the proceeds of sale or liquidation in order of existing priority.

**Unsecured portion of tax claim.** The value of the estate property subject to CDOR's statutory tax liens is unknown to CDOR at this time. To the extent that liquidation of the property is insufficient to satisfy CDOR's statutory liens in full, CDOR has an unsecured priority claim to the extent provided by 11 U.S.C. § 507(a)(8)(C) and (E). Penalties associated with a priority tax claim are a general unsecured claim.

**Compliance with tax trust fund requirements during bankruptcy case.** Pursuant to 28 U.S.C. § 960(a), all officers and agents conducting any business under authority of a United States court shall be subject to all State taxes applicable to such business to the same extent as if it were conducted by an individual or

---

[1] Section 44-3-503(1)(a), C.R.S., provides that for purposes of the alcohol beverage excise tax, "manufacturer" includes a brew pub.

2

corporation.  Pursuant to 28 U.S.C. § 960(b), a tax under 28 U.S.C. § 960(a) shall be paid on or before the due date of the tax under applicable nonbankruptcy law unless payment is excused by a specific provision of Title 11.  In Chapter 11 cases, failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief is cause for dismissal or conversion of the case.

**Liability of corporate officers and members of partnerships or limited liability companies for trust fund taxes.**  All officers of a corporation and all members of a partnership or limited liability company required to collect, account for, and pay over any tax administered by Title 39, Article 21, C.R.S., who willfully fail to collect, account for, or pay over such tax or who willfully attempt in any manner to evade or defeat any such tax, or the payment thereof, are subject to a penalty equal to one hundred fifty percent of the total amount of the tax not collected, accounted for, paid over, or otherwise evaded, as provided by Section 39-21-116.5, C.R.S.

**Distributions by estate.**  Post-petition debits and credits may cause the amount of CDOR's claim to vary from the amount initially claimed.  Prior to making distributions, CDOR recommends that the estate's fiduciary contact the undersigned counsel to determine the current balance of CDOR's claim.

DATED: November 1, 2018.

CYNTHIA H. COFFMAN,
Colorado Attorney General


/s/ *James B. Holden*
JAMES B. HOLDEN, Colo. Reg. No. 9020
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
Direct dial: 720-508-6340
Facsimile: 720-508-6038
E-mail: james.holden@coag.gov

## CERTIFICATE OF SERVICE

      This is to certify that on November 1, 2018 a true and correct copy of the foregoing **NOTICE OF STATUTORY TAX LIENS OF COLORADO DEPARTMENT OF REVENUE** was deposited in the United States Mails, first class postage prepaid, addressed to the following:

Fate Restaurants, LLC
691 Tamarisk Court
Louisville, CO 80027

Jeffrey Weinman
730 17th Street, Suite 240
Denver, CO 80202

US Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80294

                                              */s/ James B. Holden*
                                                James B. Holden